UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE EDWARD HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY SUPERIOR COURT,<br><br>Defendant. | No. 2:24–cv–345–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint names as defendants "Butte County Superior Court" and

multiple doe defendants. It appears plaintiff alleges a claim under 42 U.S.C. Section 1983 under the "U.S. Constitutions and CA Constitutions 4th, 6th, and 16th." Plaintiff's statement of claim reads:

> Once the petitioner submitted a petition of writ of coram nobis to the [state] court, the court issued an informal order directing the district attorney to respond to the allegations raised by the petitioner. However, after the people took an extension of time to gather the necessary documents, the court improperly rescinded the order without allowing the petitioner to move forward under the guise of due process. This biased treatment of the argument and apparent siding with the opposition has created a significant obstacle for the petitioner and creating a stonewall.

Plaintiff requests this court "fully address the petitioner's claims, appoint counsel if necessary, and provide any and all relief [it] deems appropriate," as well as a request to "remand the matter back to the lower courts with instructions to hear the petitioner's case sua sponte, but also ensure that the petitioner's claims are head by a fully empaneled jury." (See ECF No. 1.)

Plaintiff's claim fails for one simple reason: this court has no power over state courts and no authority to intervene in pending state court criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971). If plaintiff believes the state court issued orders contrary to his rights, plaintiff must proceed to trial and exhaust his appeals through state court first; he cannot use 42 U.S.C. § 1983 to interfere with the state court proceedings.

Further, to the extent plaintiff seeks monetary damages under Section 1983, state judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553–55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity constitutes an immunity from suit, not just from an ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991). A judge is not deprived of immunity because she takes actions which are erroneous, malicious, or in excess of her authority. Meek v. Cnty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ("The rationale for granting judges immunity from liability for even intentional and malicious conduct while acting in their judicial capacity is that judges should be free to make controversial decisions and act upon their convictions without fear of personal liability.").

///

1  Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED. Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 27, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

harr.345